**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 08-162-DLB**

**BILLY J. ROGERS**                                                              **PLAINTIFF**


**vs.**                          **MEMORANDUM OPINION & ORDER**


**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

*     *     *     *     *     *     *

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff Billy Rogers filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments on September 8, 2005. (Tr. 63-65, 196-198). At the time of filing, Plaintiff was 44 years old and alleged a disability onset date of May 13, 2005. (Tr. 63, 196). He asserts he is disabled due to injuries sustained in a work-related fall on the alleged disability onset date. (Tr. 73, 213). He alleges he is unable to work due to neck pain which radiates into his back, hip, leg, shoulder, arm and hand; muscle spasms in his hip and leg; numbness in his right arm and hand which causes him to drop objects; problems turning his head to the left; and dizzy spells which cause him to fall. (Tr. 214-219). His application was denied initially and on reconsideration. (Tr. 37-39,

42-45).  At Plaintiff's request, an administrative hearing was conducted on January 26, 2007, by Administrative Law Judge (ALJ) James P. Alderisio.  (Tr. 208-225).  On May 22, 2007, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to DIB or SSI payments.  (Tr. 12-20).  This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 4, 2008.  (Tr. 4-6).

On May 27, 2008, Plaintiff filed the instant action.  (Doc. #1).  The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #11, 12).

## II. DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  Similarly, an administrative decision is not subject to reversal merely because substantial evidence

2

would have supported the opposite conclusion.  *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

       The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.**    **The ALJ's Determination**

       At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability.  (Tr. 14).  At Step 2, the ALJ determined Plaintiff's degenerative disc disease of the cervical and lumbosacral spine to be a "severe" impairment within the meaning of the regulations.  (Tr. 14-16).

       At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16).  Specifically, the ALJ evaluated Plaintiff's functional limitations under Section 1.00 (Musculoskeletal System) and the subsections thereunder, concluding that Plaintiff did not meet or equal the requirements of any listing.  *Id.*

       At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC)

to perform a limited range of light work. (Tr. 17). Specifically, the ALJ found that Plaintiff can lift/carry 20 pounds occasionally and 10 pounds frequently with occasional climbing of ramps and stairs, stooping and crawling. *Id.* Plaintiff is precluded, however, from climbing ladders, ropes and scaffolds, and exposure to vibrations. *Id.*

Based upon these findings, the ALJ determined that although Plaintiff is unable to perform his past relevant work as a long-haul truck driver, he has acquired work skills which are transferable to other light trucking jobs. (Tr. 19). At Step 5, the ALJ considered the Plaintiff's age, education, work experience, transferable work skills, and RFC in conjunction with the Medical-Vocational Guidelines and testimony by a vocational expert to conclude that there exist a significant number of jobs in the national economy Plaintiff can perform despite his functional limitations. (Tr. 19-20). Therefore, the ALJ found the Plaintiff has not been under a disability as defined by the Social Security Act. (Tr. 20).

### C.    Analysis

Plaintiff's sole argument on appeal is that the RFC articulated by the ALJ is not supported by substantial evidence because the ALJ "rejected" the functional limitations proffered by one-time examining physician, Dr. Nickerson, in favor of those articulated by a medical advisor. Plaintiff relies upon *Barker v. Shalala*, 40 F.3d 789 (6th Cir. 1994), for the proposition that it was error for the ALJ to accept the opinion of the medical advisor over that of the examining source when the medical advisor failed to clearly state the reasons why his opinion differed from that of Dr. Nickerson. This argument is without merit for two reasons.

First, the Plaintiff mischaracterizes the inquiry undertaken by the ALJ and the medical evidence in the record supporting his RFC determination. Plaintiff argues as if

there existed only two medical opinions in the record and no other medical evidence. The ALJ's RFC determination was not based solely on the conclusions of the medical advisor; instead, the ALJ studied the record as a whole and came to the conclusion that it failed to support the degree of pain and the functional limitations alleged by the Plaintiff. (Tr. 17). Specifically, the ALJ noted that, despite the intensity of Plaintiff's complaints of pain and severe functional limitations, he has not obtained any medical treatment for his allegedly disabling condition since September 2006. (Tr. 18). In addition, the record is devoid of any record documenting Plaintiff's alleged falls, and the test results in the record do not support Plaintiff's contention that he is unable to grip or maintain a hold on objects with his right hand. *Id.*

Significantly, the ALJ carefully considered the functional limitations included in Dr. Nickerson's report, and articulated clear reasons why he chose not to adopt Dr. Nickerson's proposed RFC: "I give little weight to this opinion because the claimant had not received conservative treatment and was not at maximum medical improvement." (Tr. 19). In adopting the RFC articulated by the medical advisor, the ALJ explained "I accept the state agency's findings because they are consistent with the evidence of record and I have afforded them in my residual functional capacity." *Id.* Given the ALJ's consideration of the record as a whole, and his articulation of the specific reasons behind his rejection of Dr. Nickerson's opinion, this Court is persuaded that the ALJ properly discharged his duty under the regulations, and his RFC is supported by substantial evidence. *See* 20 C.F.R. § §404.1527(c), 404.1546, 416.927(c), 416.946; *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988).

Second, Plaintiff's reliance upon *Barker* is misplaced. In *Barker*, the Plaintiff argued

5

- as does the Plaintiff here - that the ALJ erred in accepting the testimony of a medical advisor over that of a consultative examiner. *Barker*, 40 F.3d at 794. "The Court held that the ALJ was entitled to credit the testimony of the medical advisor *without regard* to whether it was consistent with the testimony of the consultative examiner." *Coleman v. Chater*, No. 95-5749, 1996 WL 279868, at *4 (6th Cir. May 24, 1996) (citing *Barker*, 40 F.3d at 794) (emphasis added). Accordingly, the ALJ Alderisio was entitled to consider the RFC recommendation of the medical advisor, despite the fact that it differed from the RFC offered by Dr. Nicholson. Although the medical advisor did not articulate reasons why his RFC differed from that of Dr. Nicholson, such a technical omission is of no consequence here as the ALJ's RFC determination was based upon the administrative record as a whole, was supported by substantial evidence as set forth herein, and not based solely on the medical advisor's recommendation.

### III. CONCLUSION

The record contains ample evidence supporting the ALJ's RFC determination and his finding that the Plaintiff is not disabled. Although the record contains differing opinions as to Plaintiff's functional limitations, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Accordingly for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #11) is hereby **DENIED**.

6

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc.

# 12) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

This 13th day of March, 2009.



Signed By:

*David L. Bunning*

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\6-08-162-RogersMoo.wpd

7